# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2019AP1148-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Gordon C. Ring, Attorney at Law: |
| | |
| | Office of Lawyer Regulation, |
| |    Complainant, |
| |   v. |
| | Gordon C. Ring, |
| |    Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST RING

| | |
|---|---|
| OPINION FILED: | August 23, 2019 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|  COURT: | |
|  COUNTY: | |
|  JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|  CONCURRED: | |
|  DISSENTED: | |
|  NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2019AP1148-D

STATE OF WISCONSIN     :     IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Gordon C. Ring, Attorney at Law:**

**Office of Lawyer Regulation,**

     **Complainant,**

     **v.**

**Gordon C. Ring,**

     **Respondent.**

**FILED**

**AUG 23, 2019**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. This is a reciprocal discipline matter. On June 25, 2019, the Office of Lawyer Regulation (OLR) filed a two-count complaint against Attorney Gordon C. Ring. Count one alleged that by virtue of Attorney Ring's recent two-year license suspension by the Illinois Supreme Court, Attorney Ring should be subject to reciprocal discipline in Wisconsin pursuant to SCR 22.22. Count two alleged by failing to notify the OLR of his disbarment in Illinois within 20 days of the effective date of the imposition of such discipline, Attorney Ring violated

Supreme Court Rule (SCR) 22.22(1).[1] After service of the complaint, the parties stipulated to the imposition of reciprocal discipline. We approve the stipulation, and we therefore order a two-year suspension of Attorney Ring's Wisconsin law license.

¶2 Attorney Ring's law license history is as follows. He was admitted to practice law in Wisconsin in May 1984, and in Illinois in November 1977. His Wisconsin disciplinary history consists of a six-month suspension in 1992, as discipline reciprocal to that imposed on him by the Illinois Supreme Court for professional misconduct. See In re Disciplinary Proceedings Against Ring, 168 Wis. 2d 817, 484 N.W.2d 336 (1992). Attorney Ring did not petition for reinstatement of his Wisconsin law license; it remains suspended. Attorney Ring's Wisconsin law license was also administratively suspended in 1985 for failure to comply with continuing legal education requirements, and in 2011 for failure to pay State Bar dues. His license remains administratively suspended.

¶3 On September 20, 2018, the Illinois Supreme Court suspended Attorney Ring's Illinois law license for two years,

---

[1] SCR 22.22(1) provides:

> An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

2

effective October 11, 2018, for multiple counts of misconduct, and ordered him to reimburse the Illinois Client Protection Program Trust Fund for any payments arising from his misconduct prior to the end of his suspension. According to the allegations in the OLR's complaint and the Illinois disciplinary records attached to the complaint, Attorney Ring's misconduct in Illinois included misappropriation of over $124,000 in two client matters, and, in a third matter, failing to work on a case after the filing of the complaint, causing the case to be dismissed. Attorney Ring did not tell his client that he had failed to work on the case or that it had been dismissed, and he later used funds in his client trust account belonging to others to make a $10,000 payment to his client to resolve the matter. By his conduct, Attorney Ring violated Rules 1.3, 1.4(a)(3), 1.15(a), 3.2, 8.4(c), and 8.4(d) of the Illinois Rules of Professional Conduct.

¶4 On July 15, 2019, after the OLR's complaint had been served on Attorney Ring but before a referee had been appointed, Attorney Ring entered into a stipulation with the OLR whereby he agreed that the facts alleged in the OLR's complaint supported a two-year suspension of his Wisconsin law license as reciprocal discipline to that imposed by the Illinois Supreme Court.

¶5 Supreme Court Rule 22.22(3) states as follows:

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

3

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

¶6 Attorney Ring does not claim that any of the defenses found in SCR 22.22(3) apply. Attorney Ring further states that the stipulation did not result from plea bargaining; that he understands the allegations against him; that he understands the ramifications should the court impose the stipulated level of discipline; that he understands his right to contest this matter; that he understands his right to consult with counsel, and represents that he has consulted with counsel; that his entry into the stipulation is made knowingly and voluntarily; and that his entry into the stipulation represents his decision not to contest the misconduct alleged in the complaint or the level and type of discipline sought by the OLR's director.

¶7 Upon our review of the matter, we accept the stipulation and impose discipline identical to that imposed by the Illinois Supreme Court; i.e., a two-year suspension of Attorney Ring's Wisconsin law license. Because this matter was resolved by means of a stipulation, the OLR has not sought the imposition of costs, and we impose none.

4

¶8   IT IS ORDERED that the license of Gordon C. Ring to practice law in Wisconsin is suspended for two years, effective the date of this order.

¶9   IT IS FURTHER ORDERED that, to the extent he has not already done so, Gordon C. Ring shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶10  IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.29(4)(c).